**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO.: 9:25-CV-80245-RLR**

REDCON1, LLC,

Plaintiff,

v.

WWEX FRANCHISE HOLDINGS, LLC
d/b/a WORLDWIDE EXPRESS,

Defendant.
_______________________________/

**AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, REDCON1, LLC ("REDCON1" or "Plaintiff"), a Florida limited liability company, sues to recover damages and other equitable relief including recission, caused by the fraudulent and deceptive practices of Defendant, WWEX FRANCHISE HOLDINGS, LLC d/b/a WORLDWIDE EXPRESS ("WWEX" or "Defendant"), a Delaware limited liability company, which improperly permitted its agent-broker to overcharge REDCON1 for various transportation services and fraudulent induced REDCON1 to enter into a services agreement with REDCON1 based on its representations about the extent of such overcharges. In support of this recovery, REDCON1 asserts as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff REDCON1, LLC is a Florida limited liability company organized under the laws of Florida that is registered to do business in California. Its principal place of business is at 701 Park of Commerce Blvd, Boca Raton, Florida 33487. REDCON1 is a global sports nutrition company that ships its products to retailers and customers nationwide.

2. Defendant WWEX FRANCHISE HOLDINGS, LLC d/b/a WORLDWIDE EXPRESS is a Delaware limited liability company with its principal place of business in Dallas, Texas, and its headquarters at 2700 Commerce Street, Suite 1500, Dallas, Texas 75226. WWEX may be served through its registered agent, United Agent Group Inc., 801 US Hwy 1, N Palm Beach, Florida 33408. WWEX is a third-party logistics ("3PL") provider, which coordinates shipping solutions for its customers, including REDCON1.

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship between Plaintiff and Defendant, and the amount in controversy in this action exceeds $75,000.00, exclusive of interest, attorney's fees, and costs.

4. Venue is proper in Southern District of Florida pursuant to 28 U.S.C. § 1391(b) because the Agreement at-issue was performed in Palm Beach County, Florida and WWEX has its Florida registered agent located in Palm Beach County, Florida.

## FACTUAL ALLEGATIONS

5. On or about January 10, 2020, WWEX recruited non-party Dylan Admire ("Admire" or "Former Broker") to enter into a Business Development Services Agency Agreement ("Admire's Agency Agreement") with WWEX to serve as its agent-broker.

6. In approximately February 2021, REDCON1 and WWEX entered into an agreement in which Admire would serve as the broker to coordinate transportation services for the shipment of various goods sold by REDCON1.

7. In approximately August 2021, WWEX and Admire amended Admire's Agency Agreement to make Admire's limited liability company, Freight Essentials, a party to Admire's Agency Agreement in his place.

8. WWEX controls the entire financial relationship between agent-brokers and their customers by handling the payment received from customers, facilitating carrier advances, as well as distributing brokers' commission splits.

9. In approximately December 2022, Kevin Flint, the former Chief Financial Officer of REDCON1, and Aaron Singerman, the Chief Executive Officer of REDCON1, suspected upon review of the WWEX invoices that Admire had been significantly overcharging REDCON1 in his commission fees. The commission fees were included in the total shipping price invoiced to REDCON1 by WWEX, such that REDCON1 could not distinguish Admire's commission payment from the actual shipping costs.

10. In other words, WWEX, from various e-mail accounts, generated and submitted invoices for payment to the accounting e-mail for REDCON1 which included an exorbitant commission fee to be paid to WWEX's agent-broker Admire, but REDCON1 had no way to "monitor" how much was being paid to Admire.

11. On December 26, 2022, Admire communicated to Kevin Flint via e-mail that "the GlobalTranz team has agreed to credit/eat the $220K of invoices that were invoiced late over the past 6 weeks . . .".

12. On May 12, 2023, Kevin Flint communicated to Mike Sutter, the Senior Vice President of Agent Channel at WWEX, via e-mail that Trivest Partners—of which REDCON1 is a portfolio company—performed an audit on the fees charged to REDCON1 and were informed that they had been charged rates significantly higher than market value, and that two other carriers were 41% and 47% less expensive.

13. On that same day (i.e. in the same in e-mail) and in light of the overcharging, Kevin Flint requested that Mike Sutter conduct an official audit of REDCON1's account with WWEX to

investigate the excessive broker's fees and overages, including undisclosed factoring fees, capital fees for outstanding payments, and spot rate charges.

14. On May 17, 2023, Natasha Crawford, the Co-Owner of Freight Essentials and broker for WWEX, communicated via e-mail to WWEX employees (Joel Clum and Audrey Derksen-Parisi, REDCON1 current and former employees (Kevin Mastaler, Kevin Flint, Taylor Schnaars, Eric Hart, and Aaron Singerman, and Dylan Admire stated that they would not offer any credits or deductions.

15. During that same month (May 2023), Aaron Singerman contacted a representative of non-party, HiTech Pharmaceuticals, who also worked with WWEX for its freight services, to compare the prices being charged to REDCON1 by WWEX and Admire—based upon this comparison, Josh Bell, a WWEX-affiliated broker, informed Aaron Singerman via e-mail on May 21, 2023 that if REDCON1 had been charged at Bell's prices, REDCON1 would have been charged $1.16 million less between November 2022 through February 2023.

16. Shortly after Kevin Flint's providing actual notice to Mike Sutter—regardless of whether WWEX actually knew or should have known—of Admire's overcharging, Jack Perlstein, the Chief Financial Officer of WWEX, confirmed to REDCON1 leadership including Aaron Singerman via a phone call that it had in fact been overcharged.

17. Because the invoices were issued from WWEX, and REDCON1 made payment directly to WWEX, WWEX representatives, including Mike Sutter, Joel Clum, Audrey Derksen-Parisi, Jack Perlstein, and/or Charlene York knew or should have known that Admire was impermissibly overcharging REDCON1.

18. In or about April 2023, in order to lure REDCON1 into entering to a new contract with WWEX, Jack Perlstein represented to REDCON1 leadership, including Aaron Singerman,

on phone calls that the amount overcharged by Admire for his services was approximately $1.5 million (the "$1.5 Million Overcharges") over the course of approximately one year, but that was false. In fact, these WWEX representatives knew that REDCON1's damages were well beyond the approximation that it provided.

19. Based on Jack Pearlstein's representations regarding the $1.5 Million Overcharges, on or about May 31, 2023, REDCON1 and WWEX entered into a confidential Brokerage and Logistics Services Agreement (the "Agreement"), in which WWEX agreed to provide for transportation by motor carriers of REDCON1's cargo.[1]

20. As part of the Agreement, WWEX agreed to "arrang[e] for . . . transportation of Goods."

21. Pursuant to Section 7(B), which confirms WWEX's knowledge of Admire's improper charges and "[t]o address some variances in billing," WWEX agreed to cancel invoices totaling $560,729.73 (the "Cancelled Invoice Amount") as of the effective date of the Agreement, and to provide a "one-time credit . . . to be applied to amounts owed by" REDCON1 in the amount of $1,000,000.00 (the "Payment Credit"). In sum, the amount agreed to be cancelled and/or credited to REDCON1 totals $1,560,729.73—the same amount as the $1.5 Million Overcharges.

22. In December 2024, Charlene York, the Chief Legal Officer of WWEX, communicated with REDCON1 employees including Stan Jansta, Kyle Haesley, Chris Snead, and REDCON1's counsel regarding pursuing an amendment to the Agreement that provided for exclusivity, significant limitations on their future liability, and various draconian measures.

---

[1] The Brokerage and Logistics Services Agreement referenced herein is confidential and thus not attached to the Complaint, but can be produced to the Court and opposing counsel for review.

23. To conduct diligence regarding the proposed modification of the Agreement, REDCON1 began to investigate Jack Perlstein's representations about REDCON1 being overcharged by $1.5 million. These representations were confirmed as being false in December 2024, when REDCON1 leadership, including Aaron Singerman, Eric Hart, and Kevin Mastaler, determined from historical shipping rates obtained from various competitors that the damages greatly exceeded the $1.5 Million Overcharges, and likely exceeded $2.5 million.

24. The information necessary to calculate the exact excess of damages incurred by REDCON1 is solely within the possession and control of WWEX.

25. REDCON1 would not have entered into the Agreement with WWEX had it known that its damages were significantly higher than the $1.5 Million Overcharges, and were damaged by agreeing to pay WWEX for transportation services under the misrepresentation that REDCON1 was being wholly remedied for the past overcharged by the WWEX broker, Admire.

26. REDCON1 has retained the services of Fox Rothschild, LLP, and is obligated to pay the firm a reasonable fee for its services.

27. All conditions precedent to this action have occurred, have been performed, or have been waived.

**COUNT I – VIOLATION OF FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT**

28. REDCON1 re-alleges and incorporates paragraphs 1 through 27 above as if fully set herein.

29. WWEX representatives have committed unconscionable, deceptive, and/or unfair acts or practices throughout its provision of transportation services to REDCON1, including:

(a) Misrepresenting to REDCON1 that REDCON1 was being properly charged for its services, when it had not;

(b) Misrepresenting that its brokers, including Admire, were seeking reasonable commission fees and reasonably pricing customers, when they were not;

(c) Failing to generate, review, and monitor impermissible charges sent to REDCON1 on behalf of WWEX; and

(d) Misrepresenting the extent to which REDCON1 had been overcharged in order to induce REDCON1 into entering into the Agreement.

30. WWEX's unlawful conduct, as set forth above, constitutes violations of FDUTPA.

31. As a direct and proximate result of WWEX's violations of FDUTPA, REDCON1 has suffered and continue to suffer irreparable harm and damages, including damages due to REDCON1's overpayment of WWEX for transportation services when in fact, REDCON1 should have been adequately credited for overcharges by WWEX's broker, Admire, which were reviewed and invoiced by WWEX to REDCON1.

**WHEREFORE**, Plaintiff REDCON1, LLC demands judgment for damages against Defendant, WWEX FRANCHISE HOLDINGS, LLC d/b/a WORLDWIDE EXPRESS, for statutory and actual damages, plus interest and costs, attorney's fees pursuant to Fla. Stat. § 501.2105, and such other further relief as the Court deems necessary and proper under the circumstances.

## COUNT II – UNJUST ENRICHMENT

32. REDCON1 re-alleges and incorporates paragraphs 1 through 18 and 26 through 27 above as if fully set herein.

33. REDCON1 conferred a benefit—i.e. entering into the Agreement and payment to WWEX for various transportation services—on WWEX, who has knowledge thereof.

34. WWEX voluntarily accepted and retained the benefits conferred.

35. The circumstances are such that it would be inequitable for WWEX to retain the benefits conferred by REDCON1 to WWEX where REDCON1 did not receive what was bargained for—adequate compensation for the amount WWEX's previous broker had overcharged REDCON1, which exceeded the Payment Credit which was actually provided, and represented to be the adequate compensation for previous overcharges, to REDCON1.

**WHEREFORE**, Plaintiff REDCON1, LLC demands judgment for damages against Defendant, WWEX FRANCHISE HOLDINGS, LLC d/b/a WORLDWIDE EXPRESS, for prejudgment interest and costs, and such other further relief as the Court deems necessary and proper under the circumstances.

**COUNT III - FRAUD IN THE INDUCEMENT**

36. REDCON1 re-alleges and incorporates paragraphs 1 through 27 above as if fully set herein.

37. WWEX's representatives, as described in paragraphs 12 through 19, fraudulently induced REDCON1 to enter into the Agreement by promising a Cancelled Invoice Amount and Payment Credit, but knew that the damages previously incurred by REDCON1 due to WWEX agent-broker's conduct substantially exceeded $1.5 million (i.e. the amount of the Cancelled Invoice Amount and Payment Credit).

38. WWEX representatives' representations regarding the $1.5 Million Charges and the Cancelled Invoice Amount and Payment Credit were false.

39. WWEX representatives knew or should have known of the falsity of its misrepresentations because WWEX knew or should have known that REDCON1's damages were significantly higher than the $1.5 Million Charges.

40. WWEX representatives intended that its misrepresentations induce REDCON1 into entering into the Agreement with WWEX.

41. As a result of WWEX representatives' misrepresentations, and in justifiable reliance on WWEX's misrepresentations, REDCON1 has suffered damages.

42. The remedy for fraud in the inducement is a basis for recission of the Agreement.

**WHEREFORE**, Plaintiff REDCON1, LLC demands judgment for rescission of the Agreement, or in the alternative, damages against Defendant, WWEX FRANCHISE HOLDINGS, LLC d/b/a WORLDWIDE EXPRESS, and rescission of the Agreement entered into between REDCON1 and WWEX, plus prejudgment interest and costs, and such other further relief as the Court deems necessary and proper under the circumstances.

## COUNT IV – FRAUDULENT MISREPRESENTATION

43. REDCON1 re-alleges and incorporates paragraphs 1 through 27 above as if fully set herein.

44. On numerous occasions, both verbal and in writing, WWEX representatives as described in paragraphs 12 through 19 misrepresented to REDCON1 that REDCON1 was being properly charged for Admire's broker fees and confirmed that the Payment Credit was an attempt to remedy Admire's conduct.

45. WWEX representatives knew that they were making a misrepresentation, made the misrepresentation without knowledge of its truth or falsity, or should have known the representation was false.

46. REDCON1 relied on WWEX representatives' representations that the invoices remitted to REDCON1 were proper and continued to work with both WWEX and its agent-broker, Admire.

47. REDCON1 justifiably relied on WWEX representatives' representations and proceeded to enter into the Agreement with WWEX, and were damaged as a result.

**WHEREFORE**, Plaintiff REDCON1, LLC demands judgment for damages against Defendant, WWEX FRANCHISE HOLDINGS, LLC d/b/a WORLDWIDE EXPRESS, for prejudgment interest and costs, and such other further relief as the Court deems necessary and proper under the circumstances.

**COUNT V - NEGLIGENT MISREPRESENTATION**
**(in the alternative)**

48. REDCON1 re-alleges and incorporates paragraphs 1 through 27 above as if fully set herein.

49. On numerous occasions, both verbal and in writing, WWEX representatives as described in paragraphs 12 through 19 above misrepresented to REDCON1 that REDCON1 was being properly charged for Admire's broker fees and confirmed that the Payment Credit was an attempt to remedy Admire's conduct.

50. The WWEX representatives either knew that it was making a misrepresentation, made the misrepresentation without knowledge of its truth or falsity, or should have known the representation was false.

51. REDCON1 relied on the WWEX representatives' representations that the invoices remitted to REDCON1 were proper and continued to work with both WWEX and its agent-broker, Admire.

52. REDCON1 justifiably relied on WWEX representatives' representations and proceeded to enter into the Agreement with WWEX, and were damaged as a result.

**WHEREFORE**, Plaintiff REDCON1, LLC demands judgment for damages against Defendant, WWEX FRANCHISE HOLDINGS, LLC d/b/a WORLDWIDE EXPRESS, for

prejudgment interest and costs, and such other further relief as the Court deems necessary and proper under the circumstances.

**COUNT VI – RESCISSION**

53. REDCON1 hereby incorporates and re-alleges paragraphs 1 through 27 above as if fully set herein.

54. On or about May 31, 2023, REDCON1 and WWEX entered into a confidential Brokerage and Logistics Services Agreement (the "Agreement"), in which WWEX agreed to provide for transportation by motor carriers of REDCON1's cargo.

55. On numerous occasions, both verbal and in writing, WWEX representatives as described in paragraphs 12 through 19 fraudulently misrepresented to REDCON1 that REDCON1 was being properly charged for Admire's broker fees and confirmed that the Payment Credit was an attempt to remedy Admire's conduct.

56. The Payment Credit was inadequate consideration for REDCON1 to enter into the Agreement with WWEX and was misrepresented by WWEX representatives to REDCON1 as constituting the amount that REDCON1 had been overcharged by Admire, when REDCON1 had in fact been charged well in excess of the $1.5 Million Overcharges and the Payment Credit and Cancelled Invoice Amount—such conduct serves as grounds for rescission.

57. REDCON1 has rescinded the contract and has notified WWEX of such recission.

58. REDCON1 has no adequate remedy at law.

**WHEREFORE**, Plaintiff REDCON1, LLC demands rescission of the Agreement entered into between REDCON1 and WWEX, plus prejudgment interest and costs, and such other further relief as the Court deems necessary and proper under the circumstances.

Dated: March 28, 2025

Respectfully submitted,

FOX ROTHSCHILD LLP
777 S. Flagler Drive, Suite 1700
West Palm Beach, FL 33401
Phillips Point – West Tower
Telephone: (561) 804-4432
Facsimile: (561) 835-9602

*/s/ W Mason*
W Mason
Florida Bar No. 66229
wmason@foxrothschild.com
Samantha M. Kunin
Florida Bar No. 1039990
skunin@foxrothschild.com

*Attorneys for Plaintiff*