**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO.: 9:25-CV-80245-RLR**

REDCON1, LLC,

Plaintiff,

v.

WWEX FRANCHISE HOLDINGS, LLC
d/b/a WORLDWIDE EXPRESS,

Defendant.
_____________________________________/

**DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT**

Defendant WWEX Franchise Holdings, LLC d/b/a Worldwide Express ("Defendant" or "WWEX") moves to dismiss the Amended Complaint and Demand for Jury Trial (DN 14) (the "Amended Complaint" or "Am. Compl.") of Plaintiff REDCON1, LLC ("Redcon1" or "Plaintiff") with prejudice pursuant to FED. R. CIV. P. 12(b)(6), and in support states:

**INTRODUCTION**

Plaintiff's Amended Complaint fares no better than the original. Despite attempting to cure the numerous legal and factual deficiencies previously identified by WWEX in its Motion to Dismiss, Plaintiff in the Amended Complaint simply repackages many of the same insufficient legal theories and allegations. The purported amendments do not cure the core legal deficiencies that doomed the original Complaint – because, as the amendments reveal, they cannot be cured in that they fail as a matter of law, as opposed to being rooted in pleading technicalities. As such, no amount of repleading can salvage them.

First, in connection with each of its fraud-based claims, Plaintiff's amendments reveal that Plaintiff cannot allege a misrepresentation upon which to predicate its claims. Indeed, Plaintiff's

allegations that, essentially, it overpaid for services when compared to anecdotal research it did of competitor's prices and market rates, do not demonstrate or establish the *falsity* of the alleged representations. Next, Plaintiff once again fails to allege a viable FDUTPA claim because Plaintiff in the Amended Complaint does not allege actual damages, and cannot, as a matter of law.

Plaintiff in the Amended Complaint still does not allege ultimate facts establishing that WWEX was conferred a benefit or retained a benefit unjustly, and therefore does not iterate an unjust enrichment claim. Further, as a matter of law, Plaintiff cannot plead a request for recission due to nature of the service contract, and the inability to restore the parties to their original positions. Last, Plaintiff in the Amended Complaint still fails to allege ultimate facts which demonstrate a causal link between the conduct attributed to WWEX and Plaintiff's alleged damages – likely because the facts do not support such a link.

Because these fatal flaws are rooted in legal insufficiencies, not insufficient pleading, the Court should dismiss the Amended Complaint with prejudice.

## FACTUAL BACKGROUND

On January 15, 2025, Plaintiff brought claims in the Fifteenth Judicial Circuit in and for Palm Beach County in *REDCON1, LLC v. WWEX FRANCHISE HOLDINGS, LLC d/b/a WORLDWIDE EXPRESS*, Case No. 2025-CA-000376XXXAMB, which WWEX removed to this Court on February 20, 2025. Redcon1 alleged five counts against WWEX: Count I - Violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA[1]"), Count II - Unjust Enrichment, Count III - Fraud in the Inducement, Count IV - Fraudulent Misrepresentation and Count V - Negligent Misrepresentation. Defendant moved to dismiss. Plaintiff filed its Amended Compliant

[1]FDUTPA is codified at § 501.201, Fla. Stat. *et seq.*

on March 28, 2025. The Amended Complaint incorporates the same causes of action, plus a sixth, for Recission.

Redcon1's allegations generally are that in 2022 it discovered it had been charged excess commission fees by non-party Dylan Admire under a Business Development Services Agency Agreement ("Agency Agreement"), whereby Admire brokered transportation services rendered by WWEX to ship various goods sold by Redcon1. Am. Compl., ¶¶ 5, 6. According to Redcon1, WWEX misrepresented to Redcon1 the amount overcharged by Mr. Admire for his services was approximately $1.5 million over the course of approximately one year, but that the true amount was greater. *Id.*, ¶ 18. Redcon1 alleges this representation "lured" it into entering into a Transportation Services Agreement ("Services Agreement") with WWEX, *Id.*, ¶19, under which WWEX agreed to provide transportation services of Redcon1's cargo, and to cancel invoices totaling $560,729.73 . . . and provide a "one-time credit . . . to be applied to amounts owed by" Redcon1 in the amount of $1,000,000.00, "[t]o address some variances in billing." *Id.*, ¶ 21. In the Amended Complaint, Plaintiff alleges it "confirmed" that WWEX misrepresented the overcharge amount "when Redcon1 leadership… determined from historical shipping rates obtained from various competitors" that damages "greatly exceeded" $1.5 million. Id., ¶ 23.

## ARGUMENT

### I. Legal Standards for a Motion to Dismiss.

The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." *Id.*

With respect to Redcon1's fraud-based claims, FED. R. CIV. P 9(b) dictates that a party "alleging fraud or mistake . . . must state with particularity the circumstances constituting fraud or mistake." *Dixon v. Allergan USA, Inc.*, No. CV 14-61091-CIV, 2015 WL 12915671, at *3 (S.D. Fla. May 28, 2015) (citing Rule 9(b)). "This Rule serves an important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1370-71 (11th Cir. 1997) (internal quotations and citations omitted). "The Rule's particularity requirement is not satisfied by conclusory allegations that certain statements were fraudulent; it requires that a complaint plead facts giving rise to an inference of fraud." *Dixon*, 2015 WL 12915671, at *3 (citation omitted). "Failure to satisfy Rule 9(b) is a ground for dismissal of a complaint." *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1012 (11th Cir. 2005).

## II. The Fraud-Based Claims Should Be Dismissed.

### A. Allegations Related to the Inducement & Misrepresentation Claims.

Redcon1 alleges "WWEX's representatives, as described in paragraphs 12 through 19, fraudulently induced [it] to enter into the [Services] Agreement by promising a Cancelled Invoice Amount and Payment Credit, but knew that the damages … substantially exceeded $1.5 million." Am. Compl., ¶ 37. Redcon1 alleges "WWEX representatives' representations regarding the $1.5 Million Charges and the Cancelled Invoice Amount and Payment Credit were false" *Id.*, ¶ 38.

Redcon1 alleges "WWEX representatives knew or should have known of the falsity of its misrepresentations," that WWEX representatives "intended that its misrepresentations induce REDCON1 into entering into the [Services] Agreement with WWEX," and "as a result of WWEX

representatives' misrepresentations, and in justifiable reliance on WWEX's misrepresentations, REDCON1 has suffered damages." *Id.*, ¶¶ 39-42.

Redcon1 alleges "on numerous occasions, both verbal and in writing, WWEX representatives as described in paragraphs 12 through 19 misrepresented to REDCON1 that REDCON1 was being properly charged for Admire's broker fees and confirmed that the Payment Credit was an attempt to remedy Admire's conduct." *Id.,* ¶ 44. Redcon1 further alleges it "relied on WWEX representatives' representations that the invoices remitted to REDCON1 were proper and continued to work with both WWEX and… Admire." *Id.*, ¶ 46.

Redcon1 alleges it "justifiably relied on WWEX representatives' representations and proceeded to enter into the [Services] Agreement with WWEX, and were [*sic*] damaged as a result." *Id.*, ¶ 52.

As its basis for concluding the representations where false, Plaintiff states it was informed through an audit that it "had been charged rates significantly higher than market value, and that two other carriers were 41% and 47% less expensive" *Id.*, ¶ 12. Plaintiff then alleges it contacted a single former WWEX client and broker and that "based upon this comparison, Josh Bell, a WWEX-affiliated broker [a non-party under another Agency Agreement], informed Aaron Singerman via e-mail on May 21, 2023 that if REDCON1 had been charged at Bell's prices, REDCON1 would have been charged $1.16 million less between November 2022 through February 2023." *Id.*, ¶ 15. Plaintiff alleged WWEX representatives' alleged representations "were confirmed as being false in December 2024, when REDCON1 leadership, including Aaron Singerman, Eric Hart, and Kevin Mastaler, ***determined from historical shipping rates obtained from various [non-party] competitors*** that the damages greatly **exceeded the $1.5 Million**

**Overcharges, and likely exceeded $2.5 million."** *Id.*, ¶ 23.

**B. Alleged Damages & the Alleged Misrepresentations.**

Redcon1's Complaint is devoid of ultimate facts that tie WWEX's alleged misrepresentations to any damages to Redcon1. In the Amended Complaint, Plaintiff fails to identify specifically how it was damaged or how WWEX's alleged misstatements caused the damage. Plaintiff merely alleges it entered into a contract with WWEX as a result of the alleged misstatements,[2] pursuant to which it should have received a greater credit than the $1.5 million in concessions to which it contractually agreed to remedy alleged overcharges by a third party. As explained in greater detail below, Redcon1's "payment for various transportation services" to WWEX under the contract cannot form the basis for damages, as those payments were in exchange for adequate consideration.

Plaintiff has not alleged any ultimate facts to support that it has been damaged by WWEX's alleged misrepresentations or to support a causal connection between the representations and any damage to Plaintiff. Fraud cannot form the basis for recovery of damages unless the damages directly arise from the fraud and are causally connected to the fraud. *Clark Realty Builders, LLC v. Falls at Marina Bay, L.P.*, No. 05-60089-CIV, 2007 WL 9751799, at *5 (S.D. Fla. July 16, 2007) (claim for fraudulent inducement to enter a construction contract failed where party did not allege how they were damaged, other than in a conclusory fashion) (citing *Simon v. Celebration Co*., 883 So. 2d 826, 833 (Fla. 5th DCA 2004)).

**C. Plaintiff Has Failed to Allege Ultimate Facts Demonstrating the Falsity of the Alleged Representations.**

---

[2]REDCON1 alleges it "justifiably relied on WWEX's representations and proceeded to enter into the [Services] Agreement with WWEX, and were damaged as a result." *See Am.* Compl., ¶ 45.

The amendments to the Complaint make clear that the alleged "misrepresentation" of fact upon which Plaintiff predicates its fraud-based claims is not actually a misrepresentation at all. Each of Redcon1's claims is predicated on an allegedly false representation made to it by WWEX representatives. Yet, Redcon1 has not alleged any ultimate facts demonstrating the falsity of the alleged representations.

First, conclusory allegations that WWEX's alleged representations were false cannot support a cause of action for fraud as a matter of law. *Simon v. Celebration Co.,* 883 So. 2d 826, 833 (Fla. 5th DCA 2004) (finding that the conclusory statement that the alleged representations were false was "a legally insufficient allegation under the strict pleading requirements for a claim predicated on fraud."). Second, Plaintiff's added allegations that, essentially, it overpaid for services when compared to anecdotal research it did of competitor and market rates (*see* Am. Compl. ¶¶ 12, 15, 23), do not demonstrate or establish the *falsity* of the alleged representations.

Essentially, Plaintiff alleges it "determined" that WWEX had misrepresented its alleged overcharges by comparing WWEX's prices to that of a competitor. Compl., ¶ 23 ("[Redcon1] determined from historical shipping rates obtained from various [non-party] competitors that the damages greatly exceeded the $1.5 Million Overcharges"). This type of comparison after-the-fact does not constitute a misrepresentation. Plaintiff has not alleged any ultimate facts that demonstrate WWEX misrepresented Admire's pricing or its *own* pricing. At most, Plaintiff contends that Admire and/or WWEX's prices are higher than those of Bell, but the law does not require a business to match the pricing of the prevailing market rates, nor does a disparity in pricing therein

establish a misrepresentation.[3] Because Plaintiff's Misrepresentation claims are not predicated on any false representation of material fact, the claims must be dismissed.

**D. Plaintiff's Allegations Negate Reliance for Purposes of its Misrepresentation & Inducement Claims.**

To state a claim for negligent misrepresentation in Florida, a plaintiff must allege: (1) a misrepresentation of a material fact; (2) that the defendant made the representation without knowledge as to its truth or falsity, or under circumstances in which he ought to have known of its falsity; (3) that the defendant intended that the misrepresentation induce another to act on it; (4) injury must result to the party acting in justifiable reliance on the misrepresentation. *Triton II, LLC v. Randazzo*, No. 18-CV-61469, 2018 WL 4932342, at *5 (S.D. Fla. Oct. 10, 2018).

Moreover, while justifiable reliance is not required for fraudulent misrepresentation and inducement claims, a recipient may not rely on the truth of a representation if he "knows the representation to be false or its falsity is obvious to him.*" Butler v. Yusem*, 44 So. 3d 102, 105 (Fla. 2010); *Gonzalez v. Indep. Ord. of Foresters*, No. 24-10758, 2025 WL 337898, at *4 (11th Cir. Jan. 30, 2025).

To the extent the Amended Complaint alleges facts demonstrating falsity of the alleged representations, which it does not, Plaintiff's own allegations negate reliance because by its own claims, it entered into the Brokerage and Logistics Services Agreement (May 31, 2023) *after* an audit of the fees charged to Redcon1 allegedly revealed it has been charged rates significantly higher than market value and competitor rates (May 12, 2023), and *after* it was allegedly informed it would have been charged $1.16 million less between November 2022 through February 2023 by

[3]Even if accurate, Plaintiff's after-the-fact revelation that it could have paid less if it had contracted with a competitor company or broker, does not amount to a fraud claim.

a different WWEX affiliated broker (May 21, 2023). *See* Am. Compl., ¶ ¶ 12, 15, 19.

Taking Plaintiff's allegations as true, Plaintiff had knowledge of the alleged falsity of the representations *before* it executed the Services Agreement into which it claims it was induced by "misrepresentations" made to it in April of 2023. Plaintiff's misrepresentation and inducement claims should therefore be dismissed.

**III. Plaintiff's FDUTPA Claim Fails Because Redcon1 Fails to Allege Actual Damages.**

**A. Allegations Related to FDUTPA Claim.**

Redcon1 alleges WWEX representatives have "committed unconscionable, deceptive, and/or unfair acts or practices throughout its provision of transportation services to REDCON1," including:

> a. Misrepresenting to REDCON1 that REDCON1 was being properly charged for its services, when it had not;
>
> b. Misrepresenting that its brokers, including Admire, were seeking reasonable commission fees and reasonably pricing customers, when they were not;
>
> c. Failing to generate, review, and monitor impermissible charges sent to REDCON1 on behalf of WWEX; and
>
> d. Misrepresenting the extent to which REDCON1 had been overcharged in order to induce REDCON1 into entering into the [Services] Agreement.

*Id.*, ¶¶ 29(a)-(d).

Redcon1 alleges that "[a]s a direct and proximate result of WWEX's violations of FDUTPA, REDCON1 has suffered and continue to suffer irreparable harm and damages including damages due to REDCON1's overpayment of WWEX for transportation services when in fact, REDCON1 should have been adequately credited for overcharges by WWEX's broker." *Id.*, ¶ 31.

**B. Plaintiff Fails to Allege a Damages Claim Under FDUTPA.**

Count I should also be dismissed because Plaintiff has wholly failed to state a cause of action upon which relief can be granted under FDUTPA. To bring a FDUTPA claim for damages, a plaintiff must establish three elements: 1) a deceptive act or unfair practice; 2) causation; and 3) actual damages. *Baptist Hosp., Inc. v. Baker,* 84 So. 3d 1200, 1204 (Fla. 1st DCA 2012); *see also Stewart Agency, Inc. v. Arrigo Enters., Inc*., 266 So. 3d 207, 212 (Fla. 4th DCA 2019).

FDUTPA allows only for the recovery of "actual damages," which is a narrowly defined term of art referring to damages limited in scope. The measure of actual damages in a FDUTPA action is the difference in the market value of the product or service ***in the condition*** in which it was delivered and its market value ***in the condition*** in which it should have been delivered according to the contract of the parties. *Stuart Roofing, Inc. v. Thomas*, 372 So. 3d 298, 300 (Fla. 4th DCA 2023).

There is one exception to this general definition: When a product is "rendered valueless" as a result of a defect, the "purchase price is the appropriate measure of damages." That, though, is the full scope of permissible damages under FDUTPA. *See In re Crown Auto Dealerships, Inc*., 187 B.R. 1009, 1018–19 (Bankr. M.D. Fla. 1995); *Macias v. HBC of Fla.*, 694 So. 2d 88, 90 (Fla. 3d DCA 1997); *Maroone Chevrolet, Inc. v. Nordstrom*, 587 So. 2d 514, 519 (Fla. 4th DCA 1991). Indeed, Florida law prohibits recovery of consequential damages in FDUTPA claims; *i.e.*, for upcharges, overcharges, lost profits, the difference between purchase price and "market value," a diminution in value, or resale losses. *Angelo v. Parker*, 275 So. 3d 752, 756 (Fla. 1st DCA 2019) (citing *Lombardo v. Johnson & Johnson Consumer Cos., Inc*., 124 F. Supp. 3d 1283, 1289–90 (S.D. Fla. 2015) (deceptive pricing and overcharges are insufficient) & *Kia Motors Am. Corp. v.*

*Butler*, 985 So. 2d 1133, 1140 (Fla. 3d DCA 2008) (no consequential damages, such as resale losses)).

Because there can be no FDUTPA recovery for upcharge, overcharge, lost profit, difference between purchase price and "market value," or resale losses, a plaintiff must prove there was an actual difference between the ***condition of the product*** as contracted and the condition of the product actually delivered. *See Ft. Lauderdale Lincoln Mercury, Inc. v. Corgnati*, 715 So. 2d 311, 314 (Fla. 4th DCA 1998) (car contracted without accident damage but delivered with significant accident damage); *Rodriguez v. Recovery Perf. & Marine, LLC*, 38 So. 3d 178, 181 (Fla. 3d DCA 2010).

Plaintiff has not alleged it overpaid WWEX for a good or service delivered in less-than-contracted-for condition, or that it purchased a worthless good or service. Rather, Redcon1 alleges it was charged excessive commission fees by Admire, a third party, and was induced to an agreement it would not otherwise have made but for Defendants' alleged fraud. Obviously, the only damages alleged attributable to WWEX are the classic "consequential damages," which are not recoverable under FDUTPA. Since the damages allegedly incurred by Plaintiff, as pled in the Amended Complaint, are not actual damages as defined by FDUPTA, Plaintiff fails to state a cause of action. *Orkin Exterminating Co. v. Petsch,* 872 So. 2d 259, 263 (Fla. 2d DCA 2004) (FDUPTA permits a consumer to recover only the diminished value of the services received, not special, consequential and incidental damages).

## IV. Plaintiff's Unjust Enrichment Claim Should Be Dismissed.

### A. Allegations Related to Unjust Enrichment.

Redcon1 alleges it "conferred a benefit—i.e. entering into the [Services] Agreement and

payment for various transportation services—on WWEX…." Am. Compl. ¶ 33. Redcon1 alleges WWEX voluntarily accepted and retained the benefit conferred. *Id.*, ¶ 34. Redcon1 alleges "the circumstances are such that it would be inequitable for WWEX to retain the benefit conferred by REDCON1 to WWEX where REDCON1 did not receive what was bargained for—adequate compensation for the amount WWEX's previous broker had overcharged REDCON1, which exceeded the Payment Credit which was actually provided, and represented to be the adequate compensation for previous overcharges, to REDCON1." *Id.,* ¶ 35.

### B. Plaintiff's Unjust Enrichment Claim Fails Because Plaintiff Alleges Adequate Consideration for What It Paid and Fails to Allege Any Benefit Conferred to WWEX.

To state a claim for unjust enrichment, a plaintiff must plead the following elements: 1) the plaintiff has conferred a benefit on the defendant; 2) the defendant has knowledge of the benefit; 3) the defendant has accepted or retained the benefit conferred; and 4) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying fair value for it. *Della Ratta v. Della Ratta*, 927 So. 2d 1055, 1059 (Fla. 4th DCA 2006).

Putting aside for a moment whether Plaintiff alleged a benefit conferred directly to WWEX (which it did not), Plaintiff does allege adequate consideration exchanged in return for what it paid. Am. Compl., ¶ 35 (alleging conferred benefit was "payment for various transportation services"). When a defendant has given adequate consideration for the benefit conferred, a claim of unjust enrichment fails. *Am. Safety Ins. Serv., Inc. v. Griggs*, 959 So. 2d 322, 331-32 (Fla. 5th DCA 2007); *accord Commerce P'ship 8098 Ltd. P'ship v. Equity Contracting Co., Inc*., 695 So. 2d 383, 390 (Fla. 4th DCA 1997) (unjust enrichment cannot exist where payment has been made for the benefit conferred); *see also Wiand v. Wells Fargo Bank, N.A*., 86 F. Supp. 3d 1316, 1332 (M.D.

Fla. 2015) ("'The [plaintiff] received exactly what it bargained for. Unjust enrichment 'cannot exist where payment has been made for the benefit conferred.'"). Similarly, in *Real Estate Value Co., Inc. v. Carnival Corp*., 92 So. 3d 255, 263 (2012), the court affirmed that unjust enrichment claims fail when the defendant has adequately compensated the plaintiff for the benefit received.

Plaintiff has not and cannot allege WWEX retained payment under the Services Agreement unjustly because it alleges Redcon1 received services in exchange for same. Am. Compl., ¶ 35. Accordingly, because the only alleged "benefit" to WWEX was exchanged for adequate consideration, Plaintiff's unjust enrichment claim fails as a matter of law.

Further, as indicated above, Plaintiff's Unjust Enrichment claim should be dismissed because no benefit was alleged conferred on WWEX. An unjust enrichment claim requires the plaintiff to confer a benefit directly on the defendant, who must accept and retain the benefit under circumstances that make it inequitable for the defendant to retain the benefit without paying for it. *Kenf, L.L.C. v. Jabez Restorations, Inc.*, 303 So. 3d 229, 231 (Fla. 2d DCA 2019). The Florida Supreme Court has further stated that "to prevail on an unjust enrichment claim, the plaintiff must directly confer a benefit to the defendant." *Kopel v. Kopel*, 229 So. 3d 812, 818 (Fla. 2017) (emphasis added). Indeed, an unjust enrichment claim fails if the benefit is being conferred to a third party rather than the defendant.

Here, no such direct benefit was alleged conferred on WWEX. Plaintiff in the Amended Complaint establishes the alleged excessive commission payments were paid to Admire, a third party. Plaintiff does not allege WWEX received or retained any of the commission payments. Moreover, to the extent Plaintiff alleges the "benefit" conferred to WWEX are the payments made to WWEX under the Services Agreement, such "benefit" was in exchange for services rendered.

Based on these facts, Plaintiff cannot establish that it conferred a direct benefit on WWEX. *Kenf*, 303 So. 3d at 231 (holding an unjust enrichment claim requires the plaintiff to confer a benefit directly on the defendant, who must accept and retain the benefit under circumstances that make it inequitable for the defendant to retain the benefit without paying for it).

**V. Plaintiff Inadequately Pleads a Request for Recission.**

Plaintiff alleges it is entitled to recission of contract in connection with its fraudulent inducement claim, but has failed in the Amended Complaint to allege an essential element of a claim for recission.

A key requirement is that the parties must be returned to their status quo, meaning they must be restored to their original positions as if the contract had never been made. *See Royal v. Parado*, 462 So. 2d 849, 856 (1985). If it is impossible to return the parties to their pre-agreement status, rescission may not be granted. *See Bush v. Palm Beach Imports, Inc.*, 610 So. 2d 68, 69 (Fla. 4th DCA 1992). Further, rescission is unavailable if the party seeking it has waived their right by continuing to accept the benefits of the contract after discovering the grounds for rescission. *See Mazzoni Farms, Inc. v. E.I. DuPont De Nemours and Co.*, 761 So. 2d 306, 313 (Fla. 2000) ("a party's right to rescind is subject to waiver if he retains the benefits of a contract after discovering the grounds for rescission").

Because the contract is for services and the services have already been rendered or performed, it is legally impossible to restore the parties to their original positions, and recission is not appropriate. Even if Redcon1 offered to return the benefit it received from WWEX under the Services Agreement in a reasonable time, which it did not, Redcon1 cannot "restore" what it has received due to the nature of the Services Agreement. Redcon1 has therefore has not, and cannot,

allege the necessary elements of a claim for recission.

## VI. Plaintiff Lacks Standing Because It Has Not Alleged Causation.

"[A] plaintiff must demonstrate standing for each claim he seeks to press and for each form of relief that is sought." *Town of Chester v. Laroe Ests., Inc.*, 581 U.S. 433, 439 (2017). Under settled precedent, the "irreducible constitutional minimum" of standing consists of three elements: the plaintiff must have suffered an injury in fact, the defendant must have ***caused*** that injury, and a favorable decision must be likely to redress it. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992) (emphasis added). The party invoking the jurisdiction of a federal court bears the burden of establishing these elements to the extent required at each stage of the litigation. *Id.* at 561. Thus, at the motion to dismiss stage, Redcon1 bore the burden of alleging facts that plausibly establish their standing. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–84 (2009); *Salcedo v. Hanna*, 936 F. 3d 1162, 1168 (11th Cir. 2019).

Redcon1 has not alleged any ultimate facts establishing a causal link between its alleged injuries and WWEX's conduct. Rather, as stated above, Redcon1's allegations seemingly ask the Court to infer that liability is attributable to WWEX for conduct by a third party, namely commission overcharges, without alleging a legal basis to do so. The only "injury" Redcon1 claims actually occurred as a result of WWEX's alleged misrepresentations, is the entering of a second contract, under which Redcon1 received adequate consideration in exchange for any payments made to WWEX.

Redcon1's assertions that it was injured by WWEX's conduct, without alleging the causal link between its alleged injury and WWEX's conduct, are self-serving and insufficient to confer standing.

## CONCLUSION

For the foregoing reasons, the Amended Complaint should be dismissed with prejudice.

**WHEREFORE** WWEX respectfully requests that the Court enter an order: (1) granting this Motion to Dismiss and dismissing all counts with prejudice; (2) awarding WWEX attorneys' fees under § 501.2105, Fla. Stat.; and (3) granting such other and further relief deemed just and proper.

**GREENBERG TRAURIG, P.A.**
777 S. Flagler Drive, Suite 300E
West Palm Beach, FL 33401
Telephone: 561.650.7922

By:/s/ C. Wade Bowden
C. Wade Bowden, Esq., B.C.S.
Florida Bar No. 0090735
Sarah J. Barney
Florida Bar No. 1041254
bowdenw@gtlaw.com
sarahj.barney@gtlaw.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished via CM/ECF, this 23d day of April, 2025, to all parties and counsel of record.

By: /s/ C. Wade Bowden
C. Wade Bowden, Esq., B.C.S.

710238058