UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CV-80245-ROSENBERG

REDCON1, LLC,

    Plaintiff,

v.

WWEX FRANCHISE
HOLDINGS, LLC,

    Defendant.
    _____/

## ORDER DENYING THE DEFENDANT'S MOTION TO DISMISS

**THIS CAUSE** is before the Court on the Defendant's Motion to Dismiss at docket entry 18. The Motion has been fully briefed. For the reasons set forth below, the Motion is denied.

### Background Facts

The Plaintiff is a company that sells goods.[1] DE 14 at 2. The Plaintiff and the Defendant previously entered into a written contract. *Id.* Pursuant to that contract, the Plaintiff also entered into a brokerage relationship with a third party affiliated with the Defendant: Admire. *Id.* Later, the Plaintiff began to suspect that it was being overcharged by Admire, and it brought its suspicions to the attention of the Defendant. *Id.* at 3. After the Defendant conducted an investigation, the Defendant agreed that Admire had overcharged the Plaintiff. *Id.* at 4. What happened afterwards are the critical facts before the Court.

The Plaintiff alleges that, in order to induce the Plaintiff to enter into a second agreement with the Defendant, the Defendant offered to credit the Plaintiff $1.5 million for Admire's overcharges. *See id.* at 5. The Plaintiff agreed and it entered into the new (second) agreement with

---

[1] The Court accepts all well pled factual allegations as true when analyzing a motion to dismiss. *E.g., S&S Davis Int'l, Inc. v. Yemen*, 218 F.3d 1292, 1298 (11th Cir. 2000).

the Defendant. *Id.* at 5-6.  But the Plaintiff later came to suspect that it had been overcharged by Admire for far more than the $1.5 million reported by the Defendant.  As a result, the Plaintiff filed this lawsuit.

### The Plaintiff's Amended Complaint and the Defendant's Motion to Dismiss

The Plaintiff brings a number of claims against the Defendant, all of them founded upon a core allegation of fraudulent inducement: FDUTPA,[2] Unjust Enrichment, Fraud in the Inducement, Fraudulent Misrepresentation, Negligent Misrepresentation, and Recission. DE 14.  The core allegation supporting all of the claims is the contention that the Defendant misrepresented the amount of Admire's overcharges to the Plaintiff.  In its Motion, the Defendant seeks dismissal of every claim.

### Analysis

The Defendant's Motion is denied for all of the reasons set forth in the Plaintiff's Response, which the Court accepts, adopts, and incorporates into this Order (as the Court's basis for denying the Motion) in its entirety.  The Court details below, however, its analysis of the core premise underpinning almost every argument that the Defendant makes in support of dismissal.

The Defendant's core premise is that the Plaintiff has essentially sued the wrong party—it was Admire, not the Defendant, who overcharged the Plaintiff.  The Defendant therefore contends that the Plaintiff has not adequately pled a basis (or standing) for damages against the Defendant.

To support its argument, the Defendant argues that the Amended Complaint "is devoid of ultimate facts that tie [Defendant's] alleged misrepresentations to any damages." DE 10 at 6.  That is wrong—the Amended Complaint is not devoid of facts on damages:

> To conduct diligence regarding the proposed modification of the Agreement, REDCON1 began to investigate Jack Perlstein's **representations** about REDCON1 being **overcharged** by $1.5 million. These representations were confirmed as being **false** in December 2024, when REDCON1 leadership, including Aaron Singerman, Eric Hart, and Kevin Mastaler, determined from

---

[2] FDUTPA refers to the Florida Deceptive and Unfair Trade Practices Act.

>historical shipping rates obtained from various competitors that the damages **greatly exceeded** the $1.5 Million Overcharges, and likely exceeded $2.5 million.
>
>**The information necessary to calculate the exact excess of damages incurred by REDCON1 is solely within the possession and control of WWEX.**

DE 14 at 6-7 (emphasis added).

To be sure, this is just a portion of the Plaintiff's damages theory—the Plaintiff also alleges that but for the Defendant's misrepresentations, the Plaintiff would not have entered into a second contractual agreement with the Defendant. DE 14 at 6. The Defendant's allegedly fraudulent inducement into a new contract is a valid legal basis for the Plaintiff's claims. *See, e.g.*, *Frayman v. Douglas Elliman Realty, LLC*, 515 F. Supp. 3d 1262, 1283 (S.D. Fla. 2021) ("Under Florida law, a fact is material if, but for the misrepresentation, the aggrieved party would not have entered into the contract." (quoting *Ribak v. Centex Realty Corp.*, 702 So. 2d 1316, 1317 (Fla. Dist. Ct. App. 1997))). And while it is true that the Plaintiff has not provided detail on the damages that flowed from the second contract, that is because the Plaintiff has also alleged that the information necessary for it to do so is within the exclusive possession of the Defendant. DE 14 at 6. That is permissible pleading. *E.g., United States ex rel. Russell v. Epic Healthcare Mgmt. Grp.*, 193 F.3d 304, 308 (5th Cir 1999) ("We have held that when the facts relating to the alleged fraud are peculiarly within the perpetrator's knowledge, the Rule 9(b) standard is relaxed."); *see also Belik v. Carlson Travel Grp., Inc.*, 864 F. Supp. 2d 1302, 1311 (S.D. Fla. 2011) (noting that pleading upon information and belief is permissible when the facts are peculiarly in the possession of the defendant (quoting *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010)).

<u>Ruling</u>

The Plaintiff may refine its damages theory through discovery, just as the Defendant may develop evidence that it caused no actual damages to the Plaintiff through its provision of valuable

services under the second contract.[3] But the lack of detail on damages in the Amended Complaint is not a basis for this suit to be dismissed prior to discovery. For all of the foregoing reasons and for all of the reasons set forth in the Plaintiff's Response, it is **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss is **DENIED**. The Defendant shall file an answer within seven days of the date of rendition of this Order.

      **DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 8th day of August, 2025.

Copies furnished to:  
Counsel of record

ROBIN L. ROSENBERG  
UNITED STATES DISTRICT JUDGE

---

[3] The Defendant argues that it has not been unjustly enriched under the second contract because it provided adequate consideration in exchange for the Plaintiff's payments. DE 18 at 12. The Defendant also argues that it has caused no actual damages to the Plaintiff, as FDUTPA requires. DE 24 at 3-4. These arguments are for another day, after discovery has been taken, and all of the Defendant's arguments may be renewed at the summary judgment phase of this proceeding.